# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF ARKANSAS
# TEXARKANA DIVISION

UNITED STATES OF AMERICA                        PLAINTIFF/RESPONDENT

VS.                     Case No. 04-CV-4151
                   Criminal No. 4:99CR40005-005

ROBERT TODD REEP                             DEFENDANT/MOVANT

## ORDER

Before the Court is the Report and Recommendation of United States Magistrate Judge Bobby E. Shepherd. (Doc. 52). Defendant/Movant Robert Todd Reep has timely filed his objections to the Report and Recommendation. (Doc. 53).

Reep was indicted on April 29, 1999, on one court of manufacturing and attempting to manufacture methamphetamine in violation of 21 U.S.C. § 841(a)(1) and on one count of possessing or attempting to possess with the intent to distribute methamphetamine in violation of 21 U.S.C. § 846. Reep was represented by Attorney Ted Botner and (after initially pleading not guilty) Reep entered a plea agreement where he entered a plead of guilty to count one of the indictment and count two was eventually dismissed. Reep was sentenced on December 13, 1999, to 120 months' imprisonment and five years of supervised released. Reep has filed a § 2255 motion arguing that his conviction was obtained though evidence gained pursuant to an unconstitutional search and seizure, he is entitled to relief pursuant to <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), and he received ineffective assistance of counsel.

Judge Shepherd recommends the finding that Reep's pending § 2255 motion is barred by the one-year limitations provision of 28 U.S.C. § 2255 and, further, that the motion be dismissed

on its merits.

After reviewing the record de novo, the Court adopts the Report and Recommendations as its own.

Motions for relief pursuant to § 2255 are subject to a one-year limitations period. The limitations period runs from the later of the date: (1) on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255. The Federal Rules of Criminal Procedure provide that the judgment of conviction becomes final for purposes of § 2255's one-year limitations period, no later than ten days from the entry of the judgment. Fed. R. Crim. P. 4(d)(1)(A). United States v. Cottage, 307 F.3d 494, 498-499 (6th Cir. 2000).

Reep's § 2255 motion was filed nearly five years after the judgment of conviction in this case. Reep does not argue that the government created an impediment which prevented him from filing his motion on an earlier date, and, as discussed infra, Reep does not allege a right recognized by the Untied States Supreme Court which was made retroactively applicable to cases on collateral review. Although Reep claims the contents of the affidavit for the search warrant was only made known to him in July 2004 (arguably the facts supporting his 28 U.S.C. § 2255 motion) the record shows that Reep could have, as early as 1999, made efforts to secure

this affidavit after his sentencing. Therefore, Reep's pending claims are time barred.

Even assuming Reep's claims are not time barred, they should still be dismissed on their merits. Reep's assertion that the affidavit in support of the search warrant was constitutionally insufficient has been waived. See Johnson v. Petrovsky, 626 F.2d 72, 73 (8th Cir. 1980)(holding a voluntary guilty plea effectively waives all nonjurisdictional defects including § 2255 claims alleging Fourth Amendment violations in a search a seizure).

Judge Shepherd construed Reep's ineffective assistance of counsel claim as advancing the contention that his guilty plea was not voluntary, and the Court agrees. To succeed on this claim Reep must show that his underlying Fourth Amendment claim has merit. See Williams v. Locke, 403 F.3d 1022, 1025-1026 (8th Cir. 2005)(holding that defendant must show that his Fourth Amendment Claim has merit to show a reasonable probability that the result of the proceeding would have been different). A search warrant may be deemed invalid if the issuing judicial officer's probable cause determination was based upon an affidavit containing a deliberate or reckless falsehood. United States v. Gleich, 397 F.3d 608, 613 (8th Cir. 2005). For this Court to deem the search warrant invalid, Reep must the substantial preliminary showing that the false statement knowing and intentionally, or with reckless disregard for the truth, was included in the warrant affidavit, and the Court is not required to conduct a hearing if Reep has presented no proof that the affiant lied or recklessly disregarded the truth. Id. The showing of deliberate or reckless falsehood is not lightly met. United States v. Lucca, 377 F.3d 927, 931 (8th Cir. 2004). Further, Reep must point out specifically the portion of the warrant affidavit that is claimed to be false, these allegations should be accompanied by a statement of supporting reasons, and affidavits or sworn or otherwise reliable statements of witnesses should

be furnished, or their absence satisfactorily explained.  Franks v. Delaware, 438 U.S. 154, 171(1978).  Reep has failed to make this showing and absent such proof, no Franks hearing would be ordered.

In his objections, Reep also argues he is entitled to relief under the holdings of Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely, 542 U.S. 296 (2004), and United States v. Booker, 125 S.Ct. 738 (2005).   Reep was sentenced on December 13, 1999.  The Supreme Court limited its holding in Booker to cases on direct review.  Booker, 125 S.Ct. at 729.  The Supreme Court's holding in Booker is not a criminal procedural rule of watershed magnitude, and therefore a motion to vacate, set aside, or correct a sentence enhanced on the basis of facts not established by a guilty plea or jury verdict, in violation of the Supreme Court's subsequent decision in Booker, is properly denied, where the conviction became final before Booker was announced.  Never Misses A Shot v. U.S., 413 F.3d 781 (8th Cir. 2005).

Accordingly, for the reasons discussed herein the Court finds Reep's claims should be and hereby are **dismissed**.  The Court also finds that an evidentiary hearing is unnecessary.

**IT IS SO ORDERED** this 16th day of August, 2005.

    /s/ Harry F. Barnes
    Hon. Harry F. Barnes
    U.S. District Judge